IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIE ANGELIQUE DJEBE DIALLO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GEICO ADVANTAGE INSURANCE | : | NO.  22-1139 |
| COMPANY | : | |

**MEMORANDUM AND ORDER**

Plaintiff Marie Angelique Djebe Diallo ("Plaintiff") brought suit against her

insurer, GEICO Advantage Insurance Company ("Defendant" or "GEICO"), seeking

uninsured/underinsured ("IM/UIM") motorist coverage for injuries she allegedly

sustained as a result of a rear-end motor vehicle accident.[1]  Presently before the court is

Plaintiff's motion for partial summary judgment on the issue of factual causation.  For the

reasons that follow, I will deny the motion.

**I.    FACTS AND PROCEDURAL HISTORY[2]**

This matter arises from a motor vehicle accident which occurred at approximately

2:00 p.m. on August 2, 2020, when a car owned and operated by Plaintiff was struck in

the rear by a car operated by Dennise C. Dudu (the "tortfeasor") while Plaintiff's car was

---

[1]This case was commenced by two individuals, Plaintiff and her passenger, Koudou Gissel.  Doc. 1.  However, the parties settled as to Plaintiff Gissel during settlement negotiations overseen by the undersigned on March 10, 2023, and Plaintiff's counsel indicated that he would file a stipulation of dismissal as to Plaintiff Gissel. Counsel's failure to file that stipulation appears to be an oversight, as for example Plaintiff's present motion names only Plaintiff Djebe Diallo.  Doc. 36.  Counsel is reminded to follow through on the stipulation.

[2]Unless otherwise indicated, the facts are not in dispute.

stopped at a red light at the intersection of South 65th Street and Woodland Avenue in Philadelphia, Pennsylvania.  See Doc. 1 ("Complaint") ¶¶ 6-9.  The tortfeasor left the scene of the accident and her identity was not known at the time Plaintiff filed the Complaint.[3]

On March 24, 2022, Plaintiff commenced this lawsuit against Defendant seeking coverage under  the UM/UIM provision of her GEICO automobile insurance policy.[4] Complaint at Count I ("Uninsured Motorists Coverage").  Plaintiff alleged that as a result of the tortfeasor's negligence she suffered "various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, aggravation of certain injuries and/or other ills and injuries including to the back."  Id. ¶ 13.

Plaintiff's medical expert performed a medical evaluation of Plaintiff on January 18, 2023.  Independent Medical Evaluation by Geoffrey W. Temple, D.O., Doc. 36 at 16-20 ("Dr. Temple Report") at 1.  Plaintiff presented with complaints of neck pain, which extended up her left arm, low back pain radiating into her left leg with associated

---

[3]Defendant subsequently discovered the tortfeasor's identity and moved to join her as a third-party defendant, which I granted by Order dated October 25, 2022.  Docs. 17-18.  The Joinder Complaint was docketed on the same day, see Doc. 19, and Defendant served the Joinder Complaint on the tortfeasor by posting and certified mail.  See Doc. 34 ¶ 2A.  On April 25, 2023, the Clerk of Court entered default against the tortfeasor for failing to plead or otherwise defend.  Doc. 35.

[4]The parties do not contest the circumstances of the accident or the existence of an applicable UM/UIM policy of insurance.  See, e.g., Doc. 37 at 7 ("Defendant does not contest the underlying negligence of the tortfeasor"), 11 ("At the time of loss, Plaintiff Diallo was covered by an automobile insurance policy issued by Defendant GEICO").

numbness and tingling, and left knee pain.  Id. at 2.  Dr. Temple summarized Plaintiff's

history, physical findings on examination, and pertinent medical records, id. at 2-4, and

concluded that Plaintiff had the following accident-related diagnoses:

1. Acute posttraumatic L3-L4 disc protrusion with
   neuroforaminal narrowing.
2. Acute posttraumatic L2-L3 disc protrusion with
   neuroforaminal narrowing.
3. Residual acute posttraumatic lumbar myositis.
4. Residual acute posttraumatic left knee pain – rule out
   posttraumatic patellofemoral syndrome.
5. Acute posttraumatic and residual lumbar spine sprain and
   strain.
6. Residual acute posttraumatic thoracic spine sprain and
   strain.
7. Residual acute posttraumatic cervical spine sprain and
   strain.
8. Acute posttraumatic aggravation of pre-existing
   degenerative joint disease.

Id. at 1.  The doctor opined that these diagnoses "are related directly to" the accident, and

that although Plaintiff has "improved maximally, she has not recovered completely."  Id.

at 5.  Further reasonable care would include an annual physical evaluation, MRI scanning

of the lumbar spine every two years, one cervical MRI scan, one upper and lower

extremity EMG, and one set each of three cervical and three lumbar epidural steroid

injections annually for three years.  Id.

On January 17, 2023, Defendant's medical expert performed a medical

examination of Plaintiff.  Independent Medical Examination by Timothy Patrick Amann,

D.O., Doc. 36 at 22 & Doc. 37-1 ("Dr. Amann Report") at 1.  Dr. Amann characterized

Plaintiff's chief complaints as low back pain, partly resolved left knee pain, resolved left

shoulder pain, and resolved left cervical spine pain.  Id.  Plaintiff denied injury to, or

treatment for, complaints of pain in her left knee, low back, left shoulder, or beck prior to

the August 2, 2020 accident.  Id. at 2.  Based on his review of Plaintiff's history and

medical records, his observations of Plaintiff, and his physical examination, Dr. Amann

provided the following impression:

> It is my opinion . . . that [Plaintiff] was less than forthcoming
> with her past medical history regarding orthopedic ailments.
> She had a fall in 2014 according to her medical records and
> was evaluated radiographically in 2014, as well as a couple of
> years later with complaints of knee and back pain ever since
> the fall.

> It is my opinion . . . that [Plaintiff] had pre-existing
> degenerative changes of the lumbar spine.  The disc
> desiccation, mild disc bulging, and mild facet joint
> osteoarthritis seen on her lumbar MRI preexist the motor
> vehicle accident.  It is my opinion . . . that she sustained a
> lumbar spine sprain and strain as a result of the motor vehicle
> accident.  I do not see signs or complaints of radiculopathy.  I
> believe that her sprain and strain has resolved.  Her persistent
> complaints of lumbar pain I do not believe at this time are
> causally related to the motor vehicle accident two and half
> years ago, especially considering the fact that following the
> fall in 2014, she had complaints of persistent low back pain
> for greater than two years, at which time she underwent
> repeat radiographic evaluation.

> It is my opinion . . . that [Plaintiff] sustained a left knee
> contusion.  As a result, the cortisone injections . . . were
> medically reasonable, necessary, and causally related to the
> injury.  Based on my physical examination, I believe her left
> knee contusion has resolved.  She does have signs of mild
> osteoarthritis.  Due to her age and body habitus, I would
> anticipate that knee to be somewhat symptomatic, likely
> intermittent, driven by activities.

> It is my opinion . . . that she sustained a left shoulder
> contusion with possible rotator cuff strain.  Examination
> today is normal.  I believe that contusion and strain has
> resolved.

> Much like the shoulder, I believe that she sustained a sprain
> or strain to her cervical spine, which has resolved.

Id. at 4-5.  Dr. Amann concluded that Plaintiff's "injuries do not constitute a serious

impairment of body function or permanent disfigurement."  Id. at 5.

On March 30, 2023, following receipt of Dr. Temple's evaluation, Dr. Amann

completed a supplemental report.  Doc. 37-2 ("Dr. Amann Suppl. Report").  Dr. Amann

summarized the findings of his initial report and the conclusions made by Dr. Temple,

and then stated:

> I respectfully disagree with Dr. Temple's opinion.  While we
> might agree on the diagnostic findings, as well as the physical
> examination findings, I disagree with the causation.  As I
> noted above, [Plaintiff] was less than forthcoming, [and] had
> symptoms in the same body parts for almost a decade.
> Imaging clearly showed chronic degenerative changes which
> predated this accident by many years.  I cannot fathom the
> rationale that all of her symptoms and diagnoses were caused
> by this minor traffic incident.  Therefore, while she may have
> the need for future care which could be medically necessary,
> it would not be causally related to the August 2, 2020 motor
> vehicle accident.

Id. at 2.

On May 1, 2023, Plaintiff filed the present motion seeking an Order for partial

summary judgment, arguing that there is no genuine dispute of material fact as to (1) the

tortfeasor's negligence and/or (2) factual causation where both parties' medical experts

opined that the August 2, 2020 accident caused at least some injury to Plaintiff.  Doc. 36.

Defendant filed a response in opposition to the motion, principally arguing that partial

summary judgment is inappropriate because the experts disagree as to the causation, nature, and extent of Plaintiff's injuries and treatment.  Doc. 37.

## II.   STANDARD OF REVIEW

A moving party is entitled to summary judgment, in whole or in part, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).[5]  A factual dispute is "material" if it might affect the outcome of the case under governing law.  Id.

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute. . . ." Fed. R. Civ. P. 56(c)(1)(A), (B).  "Speculation, conclusory allegations, and mere denials are insufficient to raise genuine issues of material fact."  Boykins v. Lucent Techs., Inc., 78 F. Supp. 2d 402, 408 (E.D. Pa. 2000).  The evidence presented must be viewed in the light most favorable to the non-moving party.  Anderson, 477 U.S. at 255.

---

[5]Anderson predated the 2010 Amendment to Rule 56.  However, the change in wording and location within the rule for the summary judgment standard did not alter the standard or caselaw interpretation of the standard.  Fed. R. Civ. P. 56 advisory committee's note to 2010 Amendments.

III.   **DISCUSSION**

A.   **Summary Judgment as to Negligence Per Se**

Plaintiff first argues that she is entitled to judgment as a matter of law as to negligence because the tortfeasor was negligent per se in rear-ending Plaintiff's car in violation of a motor vehicle statute.  Doc. 36 at 10-11.  Defendant argues that Plaintiff is not entitled to summary judgment as to negligence because Defendant was not a party to the August 2, 2020 accident and Plaintiff's Complaint asserts a claim for UM/UIM coverage and not negligence.  Doc. 37 at 11.

Defendant's argument is misplaced.  UM/UIM insurance is a form of insurance triggered when a tortfeasor injures an insured person and the tortfeasor's own insurance coverage is either non-existent or insufficient to fully compensate the insured person.  In that circumstance, the insured person may draw upon their own insurer's UM/UIM coverage.  See Berardi v. USAA Gen. Indem. Co., 606 F. Supp.3d 158, 160 (E.D. Pa. 2022).  Obviously, in such circumstances the insurer is not the tortfeasor, but rather the provider of UM/UIM coverage, and a finding that the tortfeasor's negligence caused a plaintiff's injuries would trigger the insurer's obligation to provide UM/UIM coverage.  As a result, the insurer's liability is essentially equal to that of the tortfeasor, which in turn makes the tortfeasor's negligence a relevant inquiry.

Generally, to prevail in a negligence case, a plaintiff must demonstrate the four familiar elements of duty, breach, causation, and loss.  Schemberg v. Smicherko, 85 A.3d

1071, 1073-74 (Pa. Super. 2014) (citations omitted).[6]  Plaintiff here alleges negligence per se, which applies where the defendant violates a statute and four requirements are satisfied; (1) the purpose of the statute is, at least in part, to protect the interest of a group of individuals rather than the public generally, (2) the statute clearly applies to the conduct of the defendant, (3) the defendant violated the statute, and (4) the violation was the proximate cause of the plaintiff's injuries.  Id. at 1074 (citing Mahan v. Am-Gard, Inc., 841 A.2d 1052, 1058-59 (Pa. Super. 2003)).

Here, there is no dispute that first three requirements for a finding of negligence per se are satisfied.  Pennsylvania's Motor Vehicle Code is intended to protect a specific group of people (motorists), a statute provides that a driver has a duty to maintain a safe following distance when operating a vehicle (75 Pa. Con. Stat. § 3310), and the tortfeasor rear-ended Plaintiff's car when she was stopped at a red light in violation of the statute.  However, Plaintiff's argument fails as to the last requirement of negligence per se, which is a finding that the tortfeasor's actions were the proximate cause of Plaintiff's injuries.  Schemberg, 85 A.3d at 1074.

Under Pennsylvania law, factual cause and proximate cause are distinct concepts and both must be proven by a plaintiff.  Galullo v. Fed. Exp. Corp., 937 F. Supp. 392, 394-95 (E.D. Pa. 1996) (citing Redland Soccer Club, Inc. v. Dep't of Army, 55 F.3d 827, 851 (3d Cir. 1995); Est. of Flickinger v. Ritsky, 305 A.2d 40, 42-43 (Pa. 1973)).  Factual

---

[6]In diversity cases such as this one where the claim rests on state law, the federal court applies the substantive law of its forum state.  Lafferty v. St. Riel, 495 F.3d 72, 76 (3d Cir. 2007) (citing Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)).  The parties do not dispute that this case is governed by Pennsylvania law.

or "but for" causation is "a de minimis standard . . . under which even the most remote and insignificant force may be considered the cause of an occurrence." <u>Gen. Refractories Co. v. First State Ins. Co.</u>, 855 F.3d 152, 161 (3d Cir. 2017) (quoting <u>Takach v. B.M. Root Co.</u>, 420 A.2d 1084, 1086 (Pa. Super. 1980)); <u>see also</u> <u>Robertson v. Allied Signal, Inc.</u>, 914 F.2d 360, 366 (3d Cir. 1990) (cause in fact requires proof that alleged injury would not have occurred but for the negligent conduct of the defendant).  In contrast, proximate causation requires "the alleged wrongful acts [to be] a substantial factor in bringing about the plaintiff's harm." <u>Galullo</u>, 937 F. Supp. at 395 (citing Restatement (Second) of Torts, § 431; <u>E.J. Stewart, Inc. v. Aitken Prods. Inc.</u>, 607 F. Supp. 883, 889 (E.D. Pa. 1985)).

Here, Plaintiff's expert opined that the August 2, 2020 accident caused Plaintiff to suffer multiple enumerated injuries, <u>see</u> Dr. Temple Report at 1, some of which require ongoing treatment and evaluation, <u>id.</u> at 5, and Defendant's expert opined the accident caused contusions and sprains/strains which had resolved by the time of his January 2023 examination of Plaintiff.  Dr. Amann Report at 4-5.  Although Defendant's expert issued a supplemental report indicating that he disagreed with Plaintiff's expert as to causation, <u>see</u> Dr. Amann Suppl. Report at 2, he also repeated his opinion that Plaintiff sustained injuries as a result of the accident that had resolved. <u>Id.</u> at 1.

Thus, the experts agree only that the accident caused Plaintiff some injury.  They do not agree as to diagnoses, other contributing causes of Plaintiff's injuries, or the nature and extent of Plaintiff's current symptoms or future treatment.  This disagreement creates a jury question as to whether the accident caused any of the injuries for which Plaintiff

seeks to be compensated.  Because the jury may find that the tortfeasor's violation of the state motor vehicle statute was not the proximate cause of any compensable injuries, Plaintiff is not entitled to summary judgment as to negligence per se.

### B.  <u>Summary Judgment as to Factual and/or Proximate Cause</u>

Plaintiff also seeks partial summary judgment because the accident was "the" factual cause of Plaintiff's injuries.  Doc. 36 at 11-12.  Defendant counters that there is genuine disagreement as to both the factual cause and the extent of Plaintiff's injuries, as well as the causal connection between the accident and Plaintiff's ongoing subjective complaints and Dr. Temple's recommended future treatment.  Doc. 37 at 12-14.

Pennsylvania courts have consistently held that where both parties' experts agree that an accident caused some injury, despite disagreement as to the extent, duration, and permanency of any injuries, "the jury may not find the defendant's negligence was not a substantial factor in bringing about at least some of plaintiff's injuries."  <u>Andrews v. Jackson</u>, 800 A.2d 959, 962 (Pa. Super. 2002) (citing <u>Neison v. Hines</u>, 653 A.2d 634, 637 (Pa. Super. 1995); <u>Mano v. Madden</u>, 738 A.2d 493, 495 (Pa. Super. 1999)).  In <u>Andrews</u>, the court concluded that

> the jury must find the accident was a substantial cause of at least some injury, where both parties['] medical experts agree the accident caused some injury. While the jury may then find the injuries caused by the accident were incidental or non-compensable and deny damages on that basis, the jury may not simply find the accident did not "cause" an injury, where both parties' medical experts have testified to the contrary.

<u>Id.</u> at 964.  In so doing, the Superior Court reaffirmed its prior holding in <u>Mano</u>, which is factually similar to the present case.

10

In <u>Mano</u>, defendant's vehicle rear-ended plaintiff's vehicle, and plaintiff's medical expert testified that the accident cased a "neck strain sprain" and various other back and neck problems.  738 A.2d at 495-96.  Defendant's medical expert refuted plaintiff's claims of continuing pain or physical limitations, which had resolved, but conceded that plaintiff had suffered neck and back strains as a result of the accident.  <u>Id.</u> at 496.  At the close of evidence, the trial court granted plaintiff's motion for directed verdict on the issue of negligence, after which the jury found that the accident was not a substantial cause of plaintiff's injuries and did not award plaintiff any damages.  <u>Id.</u> at 495.  The trial court granted plaintiff's motion for a new trial on the ground that the jury's verdict was against the weight of the evidence.  <u>Id.</u>  On appeal, the Supreme Court affirmed, stating "[i]t is impermissible for a jury, in a personal injury case, to disregard the uncontroverted testimony from the experts for both parties that the plaintiff suffered some injury as a result of the accident in question."  <u>Id.</u> at 497 (citing <u>Rozanc v. Urbany</u>, 664 A.2d 619 (Pa. Super. 1995)).

Pennsylvania courts have routinely reaffirmed the holding of <u>Mano</u> and <u>Andrews</u> in personal injury actions where both parties' medical experts testified that the plaintiff suffered at least some injury as a result of the accident in question.  <u>See</u>, <u>e.g.</u>, <u>Bostanic v. Barker-Barto</u>, 936 A.2d 1084, 1088-89 (Pa. Super. 2007) (jury decision that defendant's negligence was not a factual cause in bringing about plaintiff's harm was against the weight of evidence where defendant's expert conceded that plaintiff suffered a cervical sprain or sprain injury; "It may well be that [plaintiff's] injuries were insignificant to the point that they were not compensable, but the jury's verdict form reflects that they did not

11

consider that question.").  Moreover, cases which distinguish <u>Andrews</u> do so on the basis that the parties' experts disagree as to whether a defendant's negligence caused any injury whatsoever.  <u>See</u>, <u>e.g.</u>, <u>Sicchitano v. Presb'n Med. Centr. of Wash.</u>, No. 1737 WDA 2014, 2016 WL 400480, at *7 (Pa. Super. Feb. 21, 2016) ("Whereas experts for both parties [in <u>Andrews</u>] found injury caused by an accident . . . there was no such agreement among the parties' experts in the case before us.").

As previously noted, the medical experts in this case agree that the August 2, 2020 accident caused some injuries to Plaintiff.  Dr. Temple Report at 1, 5; Dr. Amann Report at 4-5.  Therefore, <u>Andrews</u> and its progeny preclude Defendant from arguing at trial that the accident did not cause any injury to Plaintiff.  However, this conclusion does not entitle Plaintiff to partial summary judgment on the issue of factual or proximate causation as to any specific injury Plaintiff suffered.  The parties' experts disagree as to diagnoses related to the accident, other causes for Plaintiff's injuries, and the nature and extent of any current symptoms or future treatment.  Such questions, as well as whether and to what extent damages are appropriate as to any particular injury or injuries, remain as questions for the jury to decide.  <u>See Andrews</u>, 800 A.2d at 965 ("[A] jury may not disregard the uncontradicted testimony of both party's medical experts that Appellant suffered some injury in the accident, although the jury may then deny damages on the basis that the injury was not serious enough to warrant compensation.").  Plaintiff's motion will be denied.

**IV.**     **CONCLUSION**

The parties do not dispute that the August 2, 2020 motor vehicle accident which gave rise to this lawsuit occurred when the tortfeasor rear-ended Plaintiff's car in violation of a state motor vehicle statute, and both parties' medical experts opined that Plaintiff suffered at least some injury attributable to the accident. Thus, Defendant will not be permitted to argue at trial that the accident did not cause any injury to Plaintiff. However, it is for the jury to decide, among other things, whether and to what extent other causes contributed to Plaintiff's injuries and whether any injury or injuries attributable to the motor vehicle accident are compensable. Therefore, Plaintiff's motion for partial summary judgment will be denied.

An appropriate Order follows.